UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-486-RJC
(3:17-cr-55-RJC-DCK-3)

| | | |
|---|---|---|
| BRYAN PERALTA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** comes before the Court on Petitioner's pro se Motion to Vacate Order on Motion to Vacate/Set Aside/Correct Sentence, (Doc. No. 8).

## I. BACKGROUND

Petitioner was convicted in this Court, pursuant to a written guilty plea, of conspiracy to distribute and with intent to distribute 500 grams or more of methamphetamine, and this Court subsequently sentenced Petitioner to a 121-month prison sentence. Petitioner did not appeal. On September 5, 2018, Petitioner filed the underlying motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. No. 1). On November 28, 2018, this Court denied and dismissed Petitioner's motion to vacate. (Doc. No. 4). On December 20, 2018, Petitioner filed the pending Motion to Vacate Order on Motion to Vacate/Set Aside/Correct Sentence, which this Court construes as a motion to alter or amend, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. No. 8).

## II. STANDARD OF REVIEW

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

### III. DISCUSSION

Petitioner has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Petitioner's motion does not present evidence that was unavailable when he filed his motion to vacate, nor does his motion stem from an intervening change in the applicable law. Furthermore, Petitioner has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. Rather, in his motion Petitioner contends that the Government wrongly failed to attach relevant portions of the record as exhibits to its Response. Petitioner also complains that he was not allowed to file a Reply before the Court ruled on his motion to vacate. For the following reasons, Petitioner's motion will be denied.

First, as to Petitioner's contention that the Government failed to attach as exhibits relevant documents on which it relied in its Response, the Government did, in fact, provide record citations to the documents filed in Petitioner's underlying criminal action, such as the Plea Agreement, the Factual Basis, the Presentence Report, and the Sentencing Hearing transcript. The Government's citation, in its Response, to the documents filed in Petitioner's underlying criminal action was sufficient to comply with the Federal Rules of Civil Procedure and Rule 5 of the Rules Governing 2255 Proceedings.[1] Accord Plaza-Arevalo v. United States, No. 8:09-CR-571-T-17TBM, 2012 WL 394956, at *1 (M.D. Fla. Feb. 7, 2012) ("Contrary to [petitioner's] contention, the government was not required to provide him with a copy of the transcripts pursuant to Rule 5(c) when filing its response.").

Furthermore, to obtain transcripts at the Government's expense, Petitioner must show a particularized need for them, which he has not done here. C.f. Jones v. Superintendent, 460 F.2d 150, 153 (4th Cir. 1972) (no right to transcript if legitimate need not shown); Bozeman v. United States, 354 F. Supp. 1262, 1263 (E.D. Va. 1973) (same). Next, to the extent that Petitioner suggests that he was entitled to discovery before the Court ruled on his petition, he is incorrect. First, he did not file such motion before the Court ruled on his petition. In any event, Rule 6 of the Rules Governing Section 2255 Proceedings authorizes discovery in post-conviction proceedings, but not as a matter of course. Rather, such authorization is subject to the Court's discretion and only upon good cause shown. Bracy v. Gramley, 520 U.S. 899 (1997); United

---

[1] Petitioner cites Rule 5(c) of the Rules Governing 2254 Proceedings, which requires the Answer to a Section 2254 habeas petition to incorporate transcripts as exhibits. There is no such corresponding requirement for Section 2255 Responses. This makes sense because federal prisoners bringing Section 2255 actions will already have an underlying criminal action in the federal sentencing court, to which the Government refers in its Response. By contrast, there is no underlying state record already in the federal court's docket when Section 2254s are filed; thus, the Government is required to attach the relevant state transcripts as exhibits to its Answer.

States v. Roane, 378 F.3d 382 (4th Cir. 2004).

Finally, as to Petitioner's contention that he was not allowed to file a Reply before the Court ruled on his motion to vacate, a Section 2255 petitioner does not have the absolute right to file a Reply to a Response by the Government. See Molina v. United States, No. W-09-CR-216(3), 2013 WL 12234022, at *1 (W.D. Tex. July 26, 2013) ( "While Rule 5(d) of the Rules Government § 2255 Proceedings for the United States District Court permits a petitioner to file a reply brief, no court has held that Rule 5(d) gives a Movant an absolute right to file a reply before the Court rules on the Movant's § 2255.").

In sum, the Court will deny Petitioner's motion.

## IV.   CONCLUSION

Based on the foregoing, the Court will deny Petitioner's Motion for Reconsideration.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's pro se Motion to Vacate Order on Motion to Vacate/Set Aside/Correct Sentence, (Doc. No. 8), is **DENIED.**

(2) The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of

appealability.  <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

Signed: January 11, 2019

Robert J. Conrad, Jr.
United States District Judge