**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00486-RJC
[3:17-cr-00055-RJC-DCK-3]**

| | |
|---|---|
| BRYAN PERALTA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion for Certificate of Appealability. [Doc. 11].

**I.  BACKGROUND**

Petitioner was convicted in this Court, pursuant to a written guilty plea, of conspiracy to distribute and with intent to distribute 500 grams or more of methamphetamine. This Court subsequently sentenced Petitioner to a 121-month prison sentence. Petitioner did not appeal. On September 5, 2018, Petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. [Doc. 1]. On November 28, 2018, this Court denied and dismissed Petitioner's motion to vacate. [Doc. 4]. On December 20, 2018, Petitioner filed a Motion to Vacate Order on Motion to Vacate/Set Aside/Correct Sentence, which this Court construed as a motion to alter or amend, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [Doc. 8]. The Court denied Petitioner's Motion for Reconsideration and declined to issue a certificate of appealability. [Doc. 9].

**II.  DISCUSSION**

Petitioner now moves the Court for a certificate of appealability, despite the Court's previous

ruling declining to issue one. [Doc. 11]. As grounds, Petitioner states that, in the Court's Order denying Petitioner's motion for reconsideration, the Court did not address "Petitioner's submission regarding an incorrect legal standard with respect to prejudice in the guilty plea context," that the Court erroneously concluded that [Petitioner] did not request the Sentencing Transcripts; and that the Court "made light of the fact" that Petitioner sought certain parts of the record cited by the Government, which were not provided to Petitioner. [Doc. 11 at 1].

Upon review of Petitioner's Motion for Certificate of Appealability, the Court finds no basis in law to reconsider the Court's prior Order declining to issue a certificate. Namely, the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack, 529 at 484-85. As such, the Court declines, again, to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

### III. CONCLUSION

Based on the foregoing, the Court will deny Petitioner's motion and admonishes the Petitioner against filing any future motions for a certificate of appealability in this matter, as they will be summarily denied. If the Petitioner intended to seek a certificate of appealability from the Fourth Circuit, then he must file his motion with that court.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for a Certificate of Appealability [Doc. 11] is **DENIED**.

**IT IS SO ORDERED.**

Signed: May 22, 2019

Robert J. Conrad, Jr.
United States District Judge